848 F.2d 192
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael LEVINE, Petitioner-Appellee,
v.
Patricia TORVIK, Respondent-Appellant.
 No. 88-3385.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1988.
 
 Before KEITH and WELLFORD, Circuit Judges, and, GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court on appeal from the district court's order which granted Michael Levine's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Appellant Torvik and intervenor Cuyahoga County Prosecuting Attorney move the Court to modify the order of enlargement granted to petitioner under Fed.R.App.P. 23(c). Because we lack jurisdiction over this matter, this appeal must be dismissed.
 
 
 2
 The record reflects that the parties consented to the plenary jurisdiction of the magistrate pursuant to 28 U.S.C. Sec. 636(c). We are of the opinion that this consent was impermissibly obtained.
 
 
 3
 Prior to the entry of the parties' consent, the district court entered an order referring pre-trial matters to the magistrate. Although such action is contemplated by 28 U.S.C. Sec. 636(b), the order also contained the following sentence: "The Magistrate is urged to seek the consent of the parties to Magistrate trial jurisdiction under 28 U.S.C. Sec. 636(c)." Such action is expressly prohibited by 28 U.S.C. Sec. 636(c)(2).
 
 
 4
 We reach this conclusion based on the statute which provides in relevant part: "If a magistrate is designated to exercise jurisdiction under paragraph (1) of this subsection, the clerk of the court shall, at the time the action is filed, notify the parties of their right to consent to the exercise of such jurisdiction. Thereafter, neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate ..." This statute clearly prohibits the action taken by the district court in this matter. The consent of the parties must be freely given. The district court's direction to the magistrate to seek the consent of the parties gives the appearance of judicial persuasion so as to render the parties' consent a nullity.
 
 
 5
 We conclude that the magistrate was without authority to grant habeas relief and his order to that effect is void. Likewise, his order of enlargement is of no effect. Therefore, we are without jurisdiction to entertain this appeal.
 
 
 6
 While this ruling on the procedure with respect to the magistrate is applicable in this case, we intend its effect to be prospective only with regard to any other such referrals. It is ORDERED that this appeal be and hereby is dismissed for lack of jurisdiction.